**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| VERISIGN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:14-cv-00624 LMB-JFA |
| ) | |
| TUCOWS.COM COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT TUCOWS.COM COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO RECONSIDER THE RULING OF JUNE 10, 2014 [DOCKET NO. 7] OR, ALTERNATIVELY, MOTION TO SEAL DEFENDANT'S CONTEMPORANEOUSLY FILED MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW the Defendant, Tucows.com, Company ("Defendant" or "Tucows"), by counsel, and pursuant to the Rules of this Court states the following in support of its Motion to Reconsider the Ruling of June 10, 2014 [Docket No. 7] or, Alternatively, Motion to Seal Defendant's Contemporaneously Filed Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint:

**I.     INTRODUCTION**

Plaintiff Verisign, Inc. ("Plaintiff" or "Verisign") has filed a two-count Complaint against Tucows for breach of contract (Count I) and quantum meruit (Count II). *See* Docket Nos. 1 and 10.[1] Plaintiff has attached to its Complaint the express contract which serves as the basis of Count I.[2] However, the Complaint fails to state a facially plausible cause of action against

---

[1] Two versions of the Complaint are on file in that the first was filed under seal and the second was filed in accordance with this Court's ruling of June 10, 2014, ordering the redaction of portions of the Complaint and sealing the written contract attached thereto.
[2] The contract in question is maintained by this Court under seal in accordance with this Court's ruling of June 10, 2014. Contemporaneous with this Motion to Reconsider, Tucows is also filing a Motion to Dismiss. In many ways, this Motion to Reconsider (or alternatively Motion to Seal),

Tucows. As set forth in detail throughout the Motion to Dismiss (and corresponding Memorandum in Support filed under seal pending resolution of this Motion) the Complaint and the attachments thereto conclusively establish that Verisign did not have an enforceable agreement with Tucows in that the written contract had expired by its own terms long before the timeframe in question or otherwise was void for lack of mutuality.[3] Accordingly, and for such other reasons stated below, there is no need or basis for sealing the underlying contract, or at a minimum there is a far less onerous option available to avoid the necessity of every court filing accompanied by a Motion to Seal.

## II. SUMMARY OF RELEVANT FACTS

Verisign filed its Complaint in this matter against Tucows on May 27, 2014. The core argument within the Complaint revolves around the existence of a written contract. It is reasonable to assume—and the Memorandum in Support of the Motion to Dismiss is a good example—that nearly every filing with this Court during this litigation will involve some citation to the underlying written contract (if not otherwise dismissed). Along with the Complaint, Verisign filed a Motion to Seal portions of the Complaint and the entirety of the underlying contract. This Motion was granted, *ex parte*, on June 10, 2014 (before Tucows had been formally served). *See* Docket No. 7.

---

depends upon the Court's ruling on Defendant's Motion to Dismiss. This explains the scheduling of both matters for the same motion's docket and the admittedly conjoined nature of the Motions. To the extent this Motion to Reconsider is granted, Tucows respectfully requests that the Memorandum in Support of its Motion to Dismiss be docketed unsealed. To the extent this Motion to Reconsider is denied, then in accordance with this Court's order of June 10, 2014 [Docket No. 7], and in light of the extensive citation to the underlying contract, the Memorandum in Support of the Motion to Dismiss should be either heavily redacted to remove all cites to the underlying contract or it should be accepted under seal.

[3] The Defendant's Memorandum in Support of its Motion to Dismiss is incorporated herein by reference and many of the arguments contained therein, referenced vaguely throughout this Motion to preserve any confidentiality, serve as the basis for this Motion to Reconsider.

2

Several years prior, on or about November 16, 2009, Tucows and Verisign entered into a "Verisign Internet Defense Network Evaluation Agreement" ("Agreement"). *See* Complaint, Docket Nos. 1 and 10, ¶¶ 8.[4] The Agreement is a template contract in which literally blanks were filled in to account for the parties and date of execution. *See* Complaint, Docket Nos. 1 and 10, Exhibit 1. As Verisign acknowledges in its own Complaint, it is a "Verisign" template contract in which blanks are merely filled-in for the "Customer." *See* Complaint, Docket Nos. 1 and 10, ¶¶ 8 ("Tucows and Verisign entered into a Verisign Internet Defense Network Evaluation Agreement.").[5] Moreover, by its own terms, the Agreement expired at the absolute latest on November 16, 2010, more than three (3) years prior to any of the factual allegations relevant to Verisign's claim. *See* Complaint, Docket Nos. 1 and 10, ¶¶ 13 (detailing the first of the relevant factual allegations to have occurred on December 17, 2013).

Nevertheless, Verisign argues that its template contract must be maintained under seal and confidential. For the reasons stated below, and stated in greater detail within the Memorandum in Support of the Motion to Dismiss (filed under seal) there is no necessity to seal the contract in that the contract is long-expired, void, or otherwise unconscionable and should be available to the public as evidence of the monopolistic behavior in the marketplace. Alternatively, there is a far less onerous option than sealing the entire contract. Sealing the entire contract places a likely voluminous burden on this Court and the parties in that this breach of

---

[4] The circumstances surrounding the execution of the Agreement and certain assurances provided by Verisign to induce Tucows' execution of the "evaluative contract" will be detailed in a Counterclaim, to the extent necessary. It is appropriate to note, however, that the template contract in question was imposed upon Tucows due to the relative position in the industry and the fairly substantial financial impact suffered by Verisign if the Tucows network is crippled by junk traffic. Meaning, the Verisign contract in question was presented with various representations and promises and was ultimately self-serving, which explains the fill-in the blank nature of the contract.

[5] Given Verisign's monopoly in the domain name marketplace, it is not surprising that Verisign imposes somewhat lopsided contracts upon the consuming public.

3

contract action will certainly require citation to the contract in nearly every filing. In turn, this will require motions to seal with nearly every filing. As presented below, a less onerous option is available by way of redaction of the truly confidential provisions (likely limited to pricing).[6] As such, the Order of June 10, 2014 should be reconsidered, Tucows should be permitted to be heard on the matter, and to the extent the parties and this Court can craft a less onerous option, it should be pursued.

### III. ARGUMENT

#### A. The Court should reconsider its earlier ruling of June 10, 2014 and unseal the relevant documents.

##### i. The written contract in question is void/voidable or expired by its own terms such that confidentiality is no longer applicable or necessary.

As stated in greater detail within the Defendant's Memorandum in Support of its Motion to Dismiss (filed under seal), the contract in question is void/voidable or otherwise expired. It is important to note that this litigation revolves around a contract signed in 2009. It is nearly five (5) years old. This is ancient in the technology industry. Moreover, it is a contract that expired by its own terms nearly four (4) years ago. It is impossible to imagine the necessity of maintaining the confidentiality of a document that is void for a complete absence of mutuality, long expired, and clearly unconscionable due to its lopsided terms and fraudulent origin.[7] Such a contract should not be sealed in that the public has a right to know the substance of the claims presented and the underlying facts without the shield of sealing unconscionable terms.

---

[6] To the extent the sealing is limited to pricing details within the contract (i.e., Sections 1.2.3.4 and 2.3 of the contract and Paragraphs 11 and 26 of the Complaint), no portion of the Defendant's Memorandum in Support of its Motion to Dismiss would need to be sealed.

[7] While not detailed within the Memorandum in Support of the Motion to Dismiss, the contract in question was obtained through either Verisign's fraudulent representations and/or highly unethical business practices. This in and of itself should rebut any necessity for sealing and supports the presumption of public access to judicial records. The burden is on the Plaintiff to rebut this presumption.

4

> ii. **Even if the contract in question is not void/voidable, there is no need to seal any portion of the contract or Complaint other than pricing details in that all other provisions appear to be boilerplate terms of Verisign's template contract and pricing details can be easily redacted to avoid the necessity of motions to seal with every filing.**

Plaintiff's Motion to Seal sought to seal various paragraphs of the Complaint and the entirety of the written contract. More specifically, the Motion to Seal sought to hide from the public all or parts of paragraphs 4, 9, 10, 11, 12, 26, 33, and 34 of the Complaint. It is unknown and unclear why paragraphs 4, 9, 10, 12, 26, 33, or 34 would need to be sealed in that nothing within those paragraphs present any necessity for confidentiality or anything of a proprietary nature. Moreover, while paragraphs 11 and 26 of the Complaint (and Sections 1.2.3.4 and 2.3 of the contract) clearly present pricing information which—outdated as it may be—arguably should be sealed, limiting any sealing to those paragraphs/sections will avoid coupling every filing or judicial communication in this litigation with a motion to seal. More specifically, a blanket order that the proposed paragraphs of the Complaint and sections of the contract are to be sealed and maintained as confidential will allow the parties to limit unnecessary motions practice in this matter and spare the Court of repetitive motions to seal. The pending Memorandum in Support of the Motion to Dismiss is just one such example. If the above proposal for sealing is adopted, no part of the Memorandum in Support would need to be sealed. If not adopted, the entirety of the Memorandum in Support should be sealed in that it quotes from the contract extensively, as future filings certainly will repeat.

> iii. **Sealing documents is generally disfavored and requiring the sealing or substantial redaction of every filing that cites to the contract begs for either error or substantial time and effort that can be easily avoided through less onerous options.**

The courts of the Fourth Circuit have consistently supported the presumption in favor of public access to judicial records. *See, e.g., Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d

178, 180 (4th Cir. 1988) ("The common law presumes a right to inspect and copy judicial records and documents."). Sealing of documents is disfavored and oft avoided. The presumption should prevail in this case. The sole basis for the request to seal the terms of the contract is the existence of a blanket confidentiality provision in the underlying contract. Putting aside the unenforceability of the contract for the purposes of this argument, this Court has previously determined that the mere confidentiality of an agreement does not in and of itself rebut the presumption in favor of public access to judicial proceedings. *See, e.g.*, *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 624 (E.D. Va. 2011) ("The parties' second contention—that denying sealing may hinder settlement because confidentiality is a material term in their settlement—while relevant, cannot trump or outweigh the strong interest in public access to court proceedings."). As this Court explained in *Miles*, to allow the parties to agree on confidentiality (or in this case for one party to impose confidentiality through a template contract) in order to trump the presumption "could allow the exception to swallow the rule." *Id.* Moreover, imagine the burden it places on this Court and the parties. Every filing will be coupled with a motion to seal. Every ruling or published opinion would need to be carefully crafted to avoid disclosure of confidential material or sealed in its entirety. Federal courts have found that the presumption is especially strong when it comes to "judicial documents" meaning documents admitted into evidence. *See, e.g.*, *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 96 CIV. 8414 (CBM), 2003 WL 1878235 (S.D.N.Y. Apr. 11, 2003) (finding that when it comes to judicial documents used by the judiciary to fashion opinions and ultimately rule on a matter, "the balance tips in favor of the right of public access."). It is difficult to imagine, assuming the Motion to Dismiss is denied, that the underlying contract will not serve as the Plaintiff's key exhibit admitted into the record in this matter, creating any number of onerous problems if kept under

6

seal. These problems are avoided, however, by either removing the tag of "sealed" from the documents in this matter or otherwise sealing solely those portions that are truly confidential or proprietary (i.e., Paragraphs 11 and 26 of the Complaint and Sections 1.2.3.4 and 2.3 of the contract).

**B. To the extent this Court does not reconsider its ruling of June 10, 2014, the contemporaneously filed Memorandum in Support of the Motion to Dismiss should be accepted under seal.**

Local Rule 5 of this Court provides for various requirements in order to file documents under seal. This Court's Order of June 10, 2014, clearly provides that the written contract in question and the terms contained therein must be kept under seal. Defendant has filed a Motion to Dismiss this breach of contract matter in which the terms of the written contract are cited extensively throughout the corresponding Memorandum in Support (filed under seal). While this Motion to Reconsider first asks this Court to reconsider its prior ruling, based in part on the argument presented in the Memorandum in Support of the Motion to Dismiss and the undue burden that will result from the sealing of the entire contract, this Motion is also filed, alternatively, to seal the Memorandum in Support of the Motion to Dismiss consistent with this Court's prior ruling. As such, this Motion presents the undersigned in a bit of an oxy-moronic or bi-polar position in that the undersigned respectfully disagrees with the sealing of the contract, long-expired, while at the same time respecting the reasoned opinion of this Court and not seeking to run afoul of that opinion. As such, and in compliance with Local Rule 5 of this Court, Defendant respectfully moves for this Court (assuming the embodied Motion to Reconsider is first denied) to seal the Memorandum in Support of the Motion to Dismiss (filed under seal).

In accordance with Local Rule 5(C), Defendant states as follows:

(1) Non-Confidential Description of Sealed Document – Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint.

(2) Statement as to Why Sealing is Necessary – While Tucows respectfully disagrees with the necessity or scope of sealing, this Court's prior ruling of June 10, 2014 found that the terms of the written contract in question should be sealed and the Memorandum in Support of Defendant's Motion to Dismiss recites to the written contract throughout.

(3) References to Governing Case Law – The majority of relevant case law disfavors the sealing of documents; however, Plaintiff's Memorandum in Support of Motion to Seal cites to certain case law which is relevant and helpful to the Court in ruling on this Motion. Similarly, Tucows has cited conflicting and presumably more appropriate case law in this Motion.

(4) Timeframe for Sealing – Defendant seeks the shortest time period available for the sealing of any documents and in no event to exceed 45 days after the ultimate resolution of this matter. It is anticipated that Plaintiff will seek the sealing of documents in perpetuity.

## IV. CONCLUSION

In light of the foregoing, Defendant Tucows.com Company respectfully requests that this Honorable Court reconsider its earlier ruling of June 10, 2014 (Docket No. 7) and unseal the relevant documents or merely redact Paragraphs 11 and 26 of the Complaint and Sections 1.2.3.4 and 2.3 of the contract. Alternatively, Defendant respectfully requests that this Honorable Court seal the entirety of the Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, and grant Defendant such further relief as is just and proper.

Dated: July 8, 2014                              Respectfully submitted,

                                                                        TUCOWS.COM COMPANY

                                                                        /s/ Sean Patrick Roche
                                                                        Sean Patrick Roche, Esq. VSB No. 71412
                                                                        CAMERON MCEVOY, PLLC
                                                                        11325 Random Hills Road, Suite 200
                                                                        Fairfax, Virginia 22030
                                                                        (703) 273-8898 (Telephone)
                                                                        (703) 273-8897 (Facsimile)
                                                                        sroche@cameronmcevoy.com
                                                                        *Counsel for Tucows.com Company*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 8th day of July, 2014, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing systems to:

Timothy B. Hyland, Esq.
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, Virginia  20190
(703) 956-3566
(703) 935-0349
thyland@hylandpllc.com
*Counsel for Plaintiff*

                                                                        /s/ Sean Patrick Roche
                                                                        Sean Patrick Roche